THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| LLOYD SCOTT MAIER,<br><br>Plaintiff,<br><br>vs.<br><br>ALVIN FODY, SUSAN HOCHING, BILL MILLER, STEVE BULLOCK, BOBBIE BRUHA, UNKNOWN R.B. NO. 7, and UNKNOWN INFIRMARY WORKER,<br><br>Defendants. | CV 19-00076-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Lloyd Maier, a state prisoner proceeding without counsel, filed a Complaint (Doc. 1) but did not pay the $400.00 filing fee as required by 28 U.S.C. § 1914(a) or file a motion to proceed in forma pauperis under 28 U.S.C. § 1915. Instead, Mr. Maier filed a Motion for Court to Collect Fees (Doc. 3) in which he explains that he has three strikes and does not qualify to proceed in forma pauperis but he asks to pay 30% of his average monthly balance until the filing fee is paid. (Doc. 3.) To that end, Mr. Maier sent $50.00 to the Clerk of Court's Office which was received on or about December 20, 2019.

Mr. Maier is correct that he is subject to the three strikes provision of 28 U.S.C. § 1915(g) and cannot proceed in forma pauperis unless he is under

1

imminent danger of serious physical injury. Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Mr. Maier has filed at least three civil actions which have been dismissed for failure to state a claim. *See Maier v. Wilson, et al.*, CV-10-24-H-DWM (D. Mont. September 7, 2010) dismissed for failure to state a claim (not appealed); *Maier v. Mahoney, et al.*, CV 11-52-M-DWM (D. Mont. July 27, 2011) dismissed for failure to state a claim (affirmed on appeal December 6, 2011); and *Maier v. Ferriter et al.*, CV 12-28-H-DLC (D. Mont. December 20, 2012) dismissed for failure to state a claim (not appealed).

Mr. Maier has exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of 28 U.S.C. § 1915(g). To meet the exception, Mr. Maier must allege facts that

2

demonstrate that he was "under imminent danger of serious physical injury" at the time of the filing of the complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007)("it is the circumstances at the time of the filing of the complaint that matters for the purposes of the 'imminent danger' exception under § 1915(g)"). The allegations in the Complaint are insufficient to satisfy the imminent danger exception to section 1915(g). Consequently, Mr. Maier cannot proceed in forma pauperis in the instant case.

Generally, when an inmate is allowed to proceed in forma pauperis, they are required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account pursuant to 28 U.S.C. § 1915(b)(2). Mr. Maier is trying to circumvent the three strikes provision of 28 U.S.C. § 1915(g) by asking that the Court to collect the filing fee in installments even though he cannot proceed in forma pauperis. This is in direct contravention of the statute and will not be allowed.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Maier's Motion to Collect Fees (Doc. 3) should be DENIED and he should not be allowed to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).

2. The Clerk of Court should be directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure should Mr. Maier not pay the entire $400.00 filing fee within thirty days. Should he fail to pay the entire filing fee, the Clerk of Court should be directed to return all funds received from Mr. Maier in regard to this case.

Mr. Maier is not entitled to a fourteen-day period to object. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

DATED this 13th day of January, 2020.

          */s/ John Johnston*
          John Johnston
          United States Magistrate Judge